ROBERT P. VARIAN (SBN 107459)
STEPHEN M. KNASTER (SBN 146236)
LILY I. BECKER (SBN 251145)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:      (415) 773-5700
Facsimile:      (415) 773-5759
*Emails:*   rvarian@orrick.com
            sknaster@orrick.com
            lbecker@orrick.com

JAMES P. CUSICK (*PRO HAC VICE PENDING*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New  York, NY 10103-0001
San Francisco, CA  94105-2669
Telephone:      (212) 506-5000
Facsimile:      (212) 506-5151
*Email: jcusick@orrick.com*

Counsel For Defendants
Morgan Stanley & Co., Incorporated. and
Credit Suisse Securities (USA) LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* CENTURY ALUMINUM COMPANY SECURITIES LITIGATION | Lead Case No.  3:09-cv-01001-SI <br><br> <u>CLASS ACTION</u> <br><br> **UNDERWRITERS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:     Friday March 5, 2010 <br> Time:     9:00 a.m. <br> Court:    10, 19th Floor <br> Judge:    Honorable Susan Illston |

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION ................................................................................... 1

ISSUE TO BE DECIDED (CIVIL LOCAL RULE 7-4(A)(3)) ....................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

I.    INTRODUCTION ............................................................................................. 2

II.   LEGAL STANDARDS...................................................................................... 2

III.  THE CLASS ALLEGATIONS SHOULD BE STRICKEN TO THE EXTENT THEY INCLUDE GLENCORE ................................................................ 3

IV.  CONCLUSION ................................................................................................. 4

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on Friday, March 5, 2010 at 9:00 a.m. or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Susan Illston, United States District Judge, at Courtroom 10, 450 Golden Gate Avenue San Francisco, California, 94102, defendants Morgan Stanley & Co., Incorporated ("Morgan Stanley") and Credit Suisse Securities (USA) LLC ("Credit Suisse") (collectively, the "Underwriters"), will and hereby do move this Court for an order striking various allegations in the Complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. This motion is based upon this Notice and the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice ("RJN"), the papers on file in the action; the argument of counsel at the hearing; and other such matters as may be considered by the Court.

## ISSUE TO BE DECIDED (CIVIL LOCAL RULE 7-4(A)(3))

1. Whether plaintiffs' class allegations contained in Paragraphs 121 and 127 of the Complaint should be stricken or modified because:

    a. Glencore International AG (together with its subsidiaries "Glencore"), as a large shareholder and affiliate which beneficially owns 47% of the common and preferred stock of Century Aluminum Company ("Century Aluminum" or the "Company"), should be excluded from membership in the class.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

As demonstrated in the Motion to Dismiss filed herewith, plaintiffs' Complaint (the "Complaint") should be dismissed in its entirety as a matter of law. Out of an abundance of caution, this Motion seeks to strike class allegations, set forth in paragraphs 121 and 127 of the Complaint, because those allegations are overbroad to the extent they include Glencore, alleged in the Complaint to be a large and powerful shareholder of Century Aluminum. *See* Compl. ¶¶ 8, 63-64.[1]

Paragraph 121 of the Complaint alleges that the Exchange Act claims are brought on behalf of "all holders of Century Aluminum common stock from October 21, 2008 and March 2, 2009." In addition, paragraph 127 of the Complaint alleges that Securities Act claims are brought on behalf of "all those who purchased or otherwise acquired Century Aluminum common stock pursuant and/or traceable to the Company's January 2009 Secondary Offering, and who were damaged thereby." Excluded from the Securities Act class are "Defendants, the Officers and Directors of the Company … members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest." Compl. ¶ 127. As described more fully below, these allegations overreach, and should be stricken or modified to exclude Glencore, an affiliate of the Company who cannot be a member of the plaintiff class.

II. **LEGAL STANDARDS**

A party may move to strike from a complaint improper class allegations at the pleading stage. Fed. R. Civ. P. 12(f); *Sanders v. Apple, Inc.*, --F.Supp. 2d.--, 2009 WL 150950 (N.D. Cal. Jan. 21, 2009) (granting motion to strike class allegations at motion to dismiss stage and finding motion to strike not premature). *See also Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) (finding the court "need not wait for a motion for class certification" and granting motion to strike class allegations at pleading stage). Moreover, allegations that would result in an

---

[1] The Underwriters reserve all rights to address these issues fully, including to supplement these arguments, at future stages of this litigation.

untenable or legally defective class may (and should) be stricken prior to discovery and class certification. *See, e.g., Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975) (affirming order striking class allegations from complaint prior to discovery); *Riley v. Compucom Sys., Inc.*, 2000 WL 343189, at *1 (N.D. Tex. Mar. 31, 2000) (using motion to strike to test class allegations).[2]

### III. THE CLASS ALLEGATIONS SHOULD BE STRICKEN TO THE EXTENT THEY INCLUDE GLENCORE

Glencore is an affiliate of the Company, the Company's largest shareholder and the largest purchaser of shares in the January 29, 2009 secondary "shelf" offering by Century Aluminum (the "Offering"), purchasing almost half of all shares offered. In fact, Glencore founded Century Aluminum, and until April 1996, the Company was "an indirect, wholly-owned subsidiary of Glencore." *See* RJN Ex. A at S-38. As a large shareholder and affiliate, Glencore's interests are in greater alignment with Century Aluminum and its affiliated individuals than with plaintiffs or putative class members. The Court should either strike or modify the class allegations to the extent they include Glencore as a member of the class. *See* Compl. ¶¶ 121 and 127.

In explaining the correct manner for drafting a class definition, including the part of the definition describing "persons to be excluded from the class," the very first example of such an "excluded person" given by the Manual for Complex Litigation is "affiliates of the defendants." *Manual for Complex Litigation* (4th) §21.222 (2004). Courts routinely exclude affiliates of defendants when certifying classes in securities actions. *See, e.g., In re Insurance Mgmt. Solutions Group, Inc., Sec. Litig.*, 206 F.R.D. 514, 515 (M.D. Fla 2002) (certifying class that excluded affiliates of defendants); *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166,

---

[2] *See also Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003); Riley, 2000 WL 343189 at *1; *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995); *Miller v. Motorola, Inc.*, 76 F.R.D. 516, 518 (N.D. Ill. 1977). "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery" and class certification. *Sanders*, 2009 WL 150950, at *9 (citing *Thompson v. Merck & Co.*, 2004 WL 62710, at *5 (E.D. Pa. Jan. 6, 2004)).

1  170-173 (E.D. Pa. 2000) (approving partial settlement where class excluded affiliates of the
2  defendants).

3        Here, the facts speak for themselves: Glencore purchased 47% of the shares in the
4  Offering. *See* RJN Ex. A at S-6, S-37-38. In addition, Glencore has an approximate "47%
5  economic ownership" interest in the Company based on its beneficial ownership of Century
6  Aluminum common stock and preferred shares. *Id*. Plaintiffs allege that Glencore, as a large and
7  powerful shareholder, had the ability to influence corporate affairs. *See* Compl. ¶ 8 ("Glencore
8  could have either forced Century Aluminum into bankruptcy and/or taken over the company
9  outright"), ¶¶ 63-64 (discussing Standstill agreement that precluded a hostile takeover by
10 Glencore, including cash outlay to Glencore of $1.65 billion and an agreement by Glencore not to
11 increase its voting interest above 28.5%). Thus, plaintiffs' own allegations establish that
12 Glencore is an affiliate that exercised considerable influence over the Company.

13       While the Complaint excludes from the class definition "Defendants, the Officers and
14 Directors of the Company … members of their immediate families and their legal representatives,
15 heirs, successors or assigns and any entity in which Defendants have or had a controlling
16 interest," it does not exclude Glencore. *See, e.g.* Compl. ¶ 127. Glencore should not be included
17 in the class because its status as a large and powerful shareholder and an affiliate of Century
18 Aluminum aligns its interests with the Company, not plaintiffs. The class action allegations in
19 paragraphs 121 and 127 of the Complaint should therefore be stricken or modified accordingly.

20 **IV.  CONCLUSION**

21       For the foregoing reasons, the Court should grant the Underwriters' motion to strike (or
22 modify) the class allegations to the extent that they include Glencore as a member of the putative
23 class.

| | | |
|---|---|---|
| 1 | Dated: January 15, 2010 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | By:   */s/ Robert P. Varian*<br>ROBERT P. VARIAN |
| 4 | | |
| 5 | | Attorneys for Defendants<br>MORGAN STANLEY & CO., INCORPORATED<br>AND CREDIT SUISSE SECURITIES (USA) LLC |