PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
JEFFREY S. JACOBI (SBN 252884)
jeffrey.jacobi@pillsburylaw.com
50 Fremont Street
Post Office Box 7880
San Francisco, California 94120-7880
Telephone: (415) 983-1000
Facsimile: (415) 983-1200

Attorneys for Defendants
CENTURY ALUMINUM COMPANY,
LOGAN W. KRUGER, MICHAEL A. BLESS, STEVE SCHNEIDER, JOHN C. FONTAINE, JACK E. THOMPSON, PETER C. JONES, JOHN P. O'BRIEN, WILLY R. STROTHOTTE, JARL BERNTZEN, WAYNE R. HALE, ROBERT E. FISHMAN and CATHERINE Z. MANNING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re CENTURY ALUMINUM COMPANY SECURITIES LITIGATION<br><br>This document relates to all actions. | No. C-09-1001-SI<br>[Consolidated with Nos. C-09-1103-SI, C-09-1162-SI, C-09-1205-SI]<br><br>**SECOND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF CENTURY DEFENDANTS' MOTION TO DISMISS THIRD AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date: September 3, 2010<br>Time: 9 a.m.<br>Courtroom: 10, 19th Floor |
|---|---|

702307723v1

2d Supp. Req. for Judicial Notice Supporting
Century's Motion to Dismiss TAC
Case No. C 09-1376 (SI)

1   Defendants CENTURY ALUMINUM COMPANY, LOGAN W. KRUGER,

2   MICHAEL A. BLESS, STEVE SCHNEIDER, JOHN C. FONTAINE, JACK E.

3   THOMPSON, PETER C. JONES, JOHN P. O'BRIEN, WILLY R. STROTHOTTE, JARL

4   BERNTZEN, WAYNE R. HALE, ROBERT E. FISHMAN and CATHERINE Z.

5   MANNING (collectively, "the Century Defendants") hereby request this Court to take

6   judicial notice of the documents attached hereto and referenced as Exhibits 66 through 68

7   (as well as Exhibits 1 through 63 filed January 15, 2010 (Doc. 61)).

8       Exhibit 66 is a red-line comparison between Plaintiffs' First Amended Complaint

9   ("FAC") filed January 28, 2010, Doc. 66, and Plaintiffs' Third Amended Complaint

10  ("TAC") filed June 24, 2010, Doc. 99.

11      Exhibits 67 and 68 simply update and supersede Exhibits 61 and 62 of the original

12  request for judicial notice: Exhibits 61 and 62 ended with aluminum and stock prices as of

13  January 13, 2010 (two days before the filing of the first motion to dismiss), whereas

14  Exhibits 67 and 68 end with aluminum and stock prices as of yesterday (July 8, 2010).

15      For the Court's convenience, all documents attached to the requests for judicial

16  notice are paginated consecutively. The first request (Doc. 61) ended with page 1528; the

17  supplemental request (Doc. 70), which is superseded by this request and can be ignored,

18  started with page 1529 and ended with page 1543; this second supplement request therefore

19  starts with page 1544. Pages 1544-1626 comprise Exhibit 66; pages 1627-34 comprise

20  Exhibit 67; and pages 1635-42 comprise Exhibit 68.

21      This request is made pursuant to Rule 201 of the Federal Rules of Evidence and the

22  authorities cited below. This request is made in connection with the Century Defendants'

23  motion (filed herewith) to dismiss the TAC.

24          **BASIS FOR REQUESTING JUDICIAL NOTICE**

25  **A.    Exhibit 66 (red-line of FAC versus TAC).**

26      The Century Defendants request that the Court take judicial notice of Exhibit 66, the

27  redline comparing the FAC to the TAC. A court make take judicial notice of court filings.

28  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2005). Federal

1 courts have consistently taken judicial notice of red-line documents that compare prior
2 pleadings.  *E.g.*, *Lyons v. Coxcom, Inc.*, --- F. Supp. 2d ---, No. 08-CV-02047-H (CAB),
3 2009 WL 6606941, at *4 (S.D. Cal. 2009) (taking judicial notice of "the FAC and a red-line
4 edit comparing Plaintiff's original complaint"); *Ashland Inc. v. Oppenheimer & Co., Inc.*,
5 689 F. Supp. 2d 874, 881 (E.D. Ky. 2010) (taking judicial notice in a Exchange Act case of
6 "a redline comparison of the original and amended complaint"); *In re Hypercom Corp. Sec.*
7 *Litig.*, No. CV-05-0455-PHX-NVW, 2006 WL 1836181, at *2 (D. Ariz. 2006) (taking
8 judicial notice in a PSLRA case of "a redline comparison of their first and second amended
9 complaints").

**B.     Exhibit 67 (primary aluminum price chart) and Exhibit 68 (stock price chart)**

The Century Defendants request that the Court take judicial notice of tables containing Century's published stock prices (the daily closing price) and the LME spot and futures prices for primary aluminum.  These publicly available and widely consulted sets of prices are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  Federal courts repeatedly take judicial notice of publicly-available indices, such as stock market and consumer price indices.  *See, e.g., Metzler Inv. GmbH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008); *Terra Ins. Co. v. New York Life Inv. Mgmt., LLC*, No. C 09-01609 WHA, 2009 WL 2365883, at *3 (N.D. Cal. July 30, 2009) ("Since the performance of stock market indices is public knowledge, this order takes judicial notice of [them]."); *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *2 (N.D. Cal. Jan. 9, 2007) (taking judicial notice of Consumer Price Index); *In re Avista Corp. Sec. Litig.*, 415 F. Supp. 2d 1214, 1217-18 (E.D. Wash. 2005) (taking judicial notice of Dow Jones index and noting that "Plaintiffs acknowledge that many circuits hold that taking judicial notice of well-publicized stock prices and general market trends is permissible in a motion to dismiss").  *See also Morgan v. AXT, Inc.*, No. C04-4362 MJJ, C05-5106 MJJ, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) (taking judicial notice of a company's public stock prices); *Malin v. XL Capital Ltd.*, No. 3:03 CV2001 PCD, 2005 WL 2146089,

- 2 -

702307723v1

2d Supp. Req. for Judicial Notice Supporting
Century's Motion to Dismiss FAC
Case No. C 09-1376 (SI)

1  at *4 n. 3 (D. Conn. Sept. 1, 2005); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (taking judicial notice of stock prices); *In re VeriFone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992), *aff'd,* 11 F.3d 865 (9th Cir. 1993) (taking judicial notice of daily closing stock prices in granting motion to dismiss with prejudice); *SEC v. Bilzerian,* 814 F. Supp. 116, 123 & n.19 (D.D.C. 1993), *aff'd*, 29 F.3d 689 (D.C. Cir. 1994) (collecting cases approving the taking of judicial notice of stock prices).  This Court previously took judicial notice of similar price charts when granting the previous motions to dismiss.  Order (Doc. 90) at 20:9-22.  There is no reason not to do likewise here.

Thus, all of the documents identified below are properly before this Court:

| Exhibit | Description |
|---|---|
| | **Red-Line of TAC vs. FAC** |
| 66 | Red-line of TAC (Doc. 99) versus FAC (Doc. 66). |
| | **Publicly Available Stock and Primary Aluminum Prices** |
| 67 | Chart and graph of LME prices for primary aluminum, January 1, 2005 to July 7, 2010 |
| 68 | Chart and graph of daily closing stock prices for Century Aluminum, January 1, 2005 to July 8, 2010 |

Dated:  July 9, 2010.

PILLSBURY WINTHROP SHAW PITTMAN LLP
BRUCE A. ERICSON (SBN 76342)
bruce.ericson@pillsburylaw.com
JEFFREY S. JACOBI (SBN 252884)
jeffrey.jacobi@pillsburylaw.com
50 Fremont Street, Fifth Floor
San Francisco, California 94120-7880
Telephone:  (415) 983-1000
Facsimile:  (415) 983-1200

By /s/ Bruce A. Ericson
     Bruce A. Ericson

Attorneys for Defendants
CENTURY ALUMINUM COMPANY, LOGAN W. KRUGER, MICHAEL A. BLESS, STEVE SCHNEIDER, JOHN C. FONTAINE, JACK E. THOMPSON, PETER C. JONES, JOHN P. O'BRIEN, WILLY R. STROTHOTTE, JARL BERNTZEN, WAYNE R. HALE, ROBERT E. FISHMAN and CATHERINE Z. MANNING

| | |
|---|---|
| 1 | **SUPPORTING DECLARATION OF BRUCE A. ERICSON** |
| 2 | I, **BRUCE A. ERICSON** declare: |
| 3 | 1.      I am a member of the State Bar of California and the Bar of this Court, a |
| 4 | partner of the law firm of Pillsbury Winthrop Shaw Pittman LLP and one of the attorneys of |
| 5 | record for the Century Defendants in this action.  I have first hand and personal knowledge |
| 6 | of the matter set forth herein, and if called as a witness, I could and would competently |
| 7 | testify under oath thereto. |
| 8 | 2.      Attached hereto as Exhibits 66 through 68 are true and correct copies of the |
| 9 | documents described in the table on page 3 above. |
| 10 | I declare under penalty or perjury under the laws of the State of California that the |
| 11 | foregoing is true and correct. |
| 12 | Executed on July 9, 2010, at San Francisco, California. |
| 13 | |
| 14 | /s/ Bruce A. Ericson |
| 15 | Bruce A. Ericson |