1  FRANCIS M. GREGOREK (144785)
   gregorek@whafh.com
2  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
3  RACHELE R. RICKERT (190634)
   rickert@whafh.com
4  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
5  750 B Street, Suite 2770
   San Diego, CA 92101
6  Telephone: 619/239-4599
7  Facsimile:  619/234-4599

8  Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| *In re* CENTURY ALUMINUM COMPANY SECURITIES LITIGATION | Case No.  C 09-1001 SI<br>[Consolidate With Case Nos. C 09-1103 SI, C 09-1162 SI, C 09-1205 SI] |
| This document relates to all actions. | **LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO UNDERWRITERS' NOTICE OF MOTION AND MOTION TO STRIKE** |
| | DATE:     September 3, 2010<br>TIME:      9:00 a.m.<br>DEPT.      10, 19th Floor<br>JUDGE:    Hon. Susan Illston |

PLNTFFS' MEMO OF P&As IN OPP TO UNDERWRITERS' MOT TO STRIKE - CASE NO.  C 09-1001 SI

## I. INTRODUCTION

The Underwriters' Motion to Strike (Dkt. No. 103) is premature and misplaced. As Plaintiffs' Opposition sets forth, the Third Amended Complaint sufficiently pleads a valid cause of action for violation of sections 11, 12(a) and 15 of the Securities and Exchange Act of 1933 (15 U.S.C. §§ 77k, 77l(a), 77o), and is not susceptible to attack at this time under Rule 12(f). Fed. R. Civ. P. 12(f) (granting a trial court the discretion to strike "redundant, immaterial, impertinent, or scandalous matter[s]" from pleadings). Moreover, it is inappropriate for Defendants to challenge the specific makeup of the plaintiff class at this point in the litigation. Such challenges are properly deferred until the class certification stage. *See also Hibbs-Rines v. Seagate Tech., LLC.*, No. C 08-05430 SI, 2009 U.S. Dist. LEXIS 19283, at *8 (N.D. Cal. Mar. 2, 2009) ("The Court will determine the propriety of the class allegations during the class certification process."). Therefore, the Motion to Strike should be denied pending further proceedings regarding class certification. *See* Fed. R. Civ. P. 23.

## II. LEGAL STANDARD

Motions to strike are generally disfavored. *See Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). As this Court recognized, if the allegations in the complaint "might be probative" of an element of the alleged violations of law, a motion to strike must be denied. *See, e.g., Lilley v. Charren*, 936 F. Supp. 708, 718-19 (N.D. Cal. 1996); *Mitchell v. Bendix Corp.*, 603 F. Supp. 920, 921 (N.D. Ind. 1985) ("Rule 12(f) motions are disfavored and are ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial.") (citing *Morrow v. South*, 540 F. Supp. 1104 (S.D. Ohio 1982)). Here, the class allegations are clearly necessary to the controversy and the proposed class definitions are not prejudicial to the Underwriters at this pleading stage of the litigation.

## III. THE UNDERWRITERS' MOTION TO STRIKE SHOULD BE DENIED

The Underwriters' Motion to Strike (Dkt. No. 103) is a thinly-veiled attempt to short-circuit the normal class certification process. *See* Fed. R. Civ. P. 23. Indeed, as plainly stated in their Motion, what they really seek is for the Court to *limit* the definition of the classes, as set forth

in the Third Amended Complaint. *See* ¶¶ 123, 172[1] (defining Exchange Act Class as "all holders of Century Aluminum stock from October 21, 2008 to March 2, 2009" and the Securities Act Class as "all those who purchased or otherwise acquired Century Aluminum common stock pursuant and/or traceable to the Company's January 2009 Secondary Offering"). Instead of prematurely striking the class allegations under the Rule 23(f), the Underwriters' challenge to the class definitions should be deferred until class discovery has been conducted and concluded and formal motions for certification can fully address the factual and legal issue raised here. *See, e.g., Brazil v. Dell Inc.*, No. C-07-01700 RMW, 2008 U.S. Dist. LEXIS 95348, at *8 (N.D. Cal. Nov. 14, 2008) ("Courts are likely hesitant to resolve class issues early because 'the class determination generally involves considerations that are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action."'") (quoting *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364 (1982)); *In re Jamster Mktg. Litig.*, Master File No. 05cv0819 JM(CAB), 2009 U.S. Dist. LEXIS 43592, at *29 (S.D. Cal. May 22, 2009) ("Similarly whether to strike the class definition under Rule 12(f) because it includes customers who must arbitrate their claims is similarly an issue to be addressed at the time of class certification.").

The courts that have looked at this somewhat novel issue have concluded that striking particular class allegations is *not proper* at the motion to dismiss stage, particularly where plaintiffs' claims are otherwise facially well-plead. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007). Rather, those courts have held that the make-up of a class is an issue better dealt with at the class certification stage. *See* Fed. R. Civ. P. 23. As this Court recently explained:

> While [defendant] correctly cites *Kamm v. Cal. City Development Co.*, 509 F.2d 205, 212 (9th Cir. 1975), for the proposition that class allegations may be stricken at the pleading stage, **the granting of motions to dismiss class allegations before discovery has commenced is rare**. Indeed, while there is little authority on this issue within the Ninth Circuit, decisions from courts in other jurisdictions have made clear that "dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because 'the shape and

---

[1] For the convenience of the Court, all references in the format "¶ __" are to the corresponding paragraph numbers in the Third Amended Complaint (Dkt. No. 99), unless otherwise noted.

PLNTFFS' MEMO OF P&As IN OPP TO UNDERWRITERS' MOT TO STRIKE - CASE NO. C 09-1001 SI
- 2 -

form of a class action evolves only through the process of discovery.'" *See Myers v. MedQuist, Inc.*, No. 05-4608, 2006 U.S. Dist. LEXIS 91904 (D. N.J. 2006) (internal citations omitted) (declining to strike class allegations because discovery had not yet commenced and observing that most courts deny such motions if brought prior to discovery); *see also Abdallah v. Coca-Cola Co.*, No. Civ.A. 1:98CV3679-RW, 1999 U.S. Dist. LEXIS 10612 (N.D. Ga. 1999) (dismissal of class allegations prior to discovery premature); see also 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure Civil § 1785.3 (3d 2005) (the practice employed in the overwhelming majority of class actions is to resolve class certification only after an appropriate period of discovery).

***

Nevertheless, [defendant] has not answered in this case, discovery has not yet commenced, and no motion for class certification has been filed. In the absence of any discovery or specific arguments related to class certification, the Court is not prepared to rule on the propriety of the class allegations and explicitly reserves such a ruling. While plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery of, for example, the electronic employment lists that they claim will identify the class members. Accordingly, [defendant]'s motions to dismiss or strike the class allegations are premature and are denied, but without prejudice as to [defendant]'s ability to move to strike or dismiss the class allegations if and when class certification is sought.

*Id.* (emphasis added); *see also Shein v. Canon U.S.A., Inc.*, No. CV 08-7323, 2009 U.S. Dist. LEXIS 94109, at *34 (C.D. Cal. Sept. 22, 2009) ("The Court finds that these matters are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record.").

Based on the authorities cited by the Underwriters, the only existing basis on which to strike class allegations from an otherwise well-pled complaint is for lack of Article II standing or some other flaw fatal to the action allegations as a whole. *Gen. Tel. Co. v. Falcon*, 457 U.S. at 160 ("[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim"); *Sanders v. Apple*, 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009) (striking the entirety of plaintiffs' class claims where members of the class lacked Article III standing). However, the Underwriters do not—and cannot—claim that Plaintiffs' class action allegations are so fatally flawed that they should be stricken *in toto*, so their motion must fail under their own cases.[2] *See* Underwriters' Motion (Dkt.

---

[2] If the more liberal motion to strike policy recommended by the Underwriters were adopted, Fed. R. Civ. P. 23 would essentially be rendered redundant. *See Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-

1  No. 103) at *2-3.

2      Here, the Court does not have (and the Underwriters do not provide) adequate evidence to render an opinion on whether Glencore should be excluded from the class definition at this stage of the proceedings. The Underwriters offer no objective evidence that Glencore remains an "affiliate," that "Glencore's interests are in greater alignment with Century Aluminum" than the classes, or that it purchased "47% of the shares in the Offering." *See* Underwriters' Motion to Strike (Dkt. No. 103) at *3-4. In fact, Class discovery, including depositions of both Glencore and Century Aluminum may be necessary to ascertain such facts. *See, e.g., Hibbs-Rines*, 2009 U.S. Dist. LEXIS 19283, at *8 ("The Court will determine the propriety of the class allegations during the class certification process."); *Brazil*, 2008 U.S. Dist. LEXIS 95348, at *8 (holding the same).

    Accordingly, it is proper to deny the Underwriters' Motion to Strike (Dkt. No. 103) and revisit their arguments at the class certification stage.

## IV. CONCLUSION

    For the reasons set forth herein, Plaintiffs respectfully request that the Court DENY the Underwriter Defendants' Motion to Strike (Dkt. No. 103) in its entirety.

DATED: July 29, 2010

Respectfully submitted,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
BETSY C. MANIFOLD
RACHELE R. RICKERT

/s/ Betsy C. Manifold
_____
BETSY C. MANIFOLD

750 B Street, Suite 2770
San Diego, CA 92101

---

0715, 2006 WL 3422198, at *3 (N.D. Cal. Nov. 28, 2006) ("[Fed. R. Civ. P.] 23 applies to class actions. ... As the Court has yet to address whether the part of Plaintiffs' action brought under Rule 23 may proceed as a class action, Rule 23(d)(4) has no application to the present situation before it." (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1795)). Moreover, Plaintiffs would have a good argument that, given the fact that the Underwriter Defendants quibble only with the contours of the class, they have forfeited (or even waived) any objections to the remainder of the class action allegations in the Third Amended Complaint. *See* Underwriters' Motion to Strike at *2-3.

PLNTFFS' MEMO OF P&As IN OPP TO UNDERWRITERS' MOT TO STRIKE - CASE NO. C 09-1001 SI
- 4 -

Telephone: 619/239-4599
Facsimile:  619/234-4599

Lead Counsel for Plaintiffs

CENTURYALUMINUM:17681